UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | | |
|---|---|---|
| JAMASA Z. DERRING, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 1:04-cv-796 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| KENNETH McKEE, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Respondent. | ) | |
| | ) | |

Petitioner in this habeas corpus action challenges his conviction for three counts of premeditated, first-degree murder in the Allegan County Circuit Court. His petition raises five grounds for habeas corpus relief. By report and recommendation entered February 1, 2006, Magistrate Judge Joseph Scoville analyzed each ground for relief and concluded that petitioner had not established grounds for the issuance of a writ of habeas corpus. On February 14, 2006, petitioner filed a "Request for Certificate of Appealability" (docket # 44) challenging only two of the findings of the magistrate judge. The issuance of a certificate of appealability at this stage of the litigation, however, would be inappropriate, as the court has not yet taken final action. The report and recommendation of the magistrate judge is precisely that -- a recommended disposition of the petition. The matter remains before the district court until such time as the court reviews and takes action on the recommended disposition of the magistrate judge. *See United States v. Cooper*, 135 F.3d 960, 961 (5th Cir. 1998); *see also Propes v. Dretke*, 130 F. App'x 654, 655 (6th Cir. 2005).

Federal law requires that a party dissatisfied with the recommended disposition of a magistrate judge file objections to the report and recommendation. *See* 28 U.S.C. § 636(b)(1). A party must lodge specific objections. *See Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir. 1997); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The consequence of a failure to object to a specific portion of the report and recommendation is waiver of review of that issue. *United States v. Sullivan*, 431 F.3d 976, 983 (6th Cir. 2005); *see United States v. Campbell*, 261 F.3d 628, 631-32 (6th Cir. 2001); *United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981). Because of petitioner's *pro se* status, the court will treat his premature request for a certificate of appealability as objections lodged pursuant to 28 U.S.C. § 636(b)(1).[1] Of the six grounds for relief contained in the petition, however, the objections address only two grounds -- part of petitioner's Confrontation Clause claim (ground 1) and petitioner's claim of prosecutorial misconduct arising from presentation of perjured testimony (ground 4). Petitioner has waived review of his second ground for relief (admission of evidence of prior bad acts), third ground (ineffective assistance of counsel), and fifth ground (prosecutorial misconduct arising from attempted shift of burden of proof). The court will not address these claims. Review of petitioner's objections concerning the first and fourth claims is *de novo*.[2]

---

[1] The February 1, 2006 report and recommendation expressly advised petitioner that failure to file objections within ten days could constitute a waiver of any further right of appeal. The "Request for Certificate of Appealability" and the accompanying proof of service are the only documents petitioner filed during the time period for filing objections to the report and recommendation.

[2] Petitioner does not object to the proposed findings of fact set forth at length in the report and recommendation. The court therefore adopts those findings and will not reiterate them here.

    A.    **Confrontation Clause**

In the state courts, and again in his habeas corpus petition, petitioner challenged the admission of out-of-court statements made by one of the murder victims, Dustin Sherrell, to four friends and family members: Joseph Green, Nicole Lawrence, Jessica Jones, and George Segelstrom, Jr. The state Court of Appeals upheld introduction of the Green, Lawrence, and Jones statements under the "residual" exception to the Michigan Hearsay Rule, Mich. R. Evid. 804(b)(6), as well as under the Confrontation Clause. The state appellate court found that introduction of the Segelstrom statement did not meet the constitutional standard of reliability, but found that this constituted only harmless error in light of the overwhelming evidence of petitioner's guilt. In his objections, petitioner challenges only the introduction of statements by Dustin Sherrell to Joseph Green. Consequently, any habeas corpus claim arising from the introduction of the statements to Nicole Lawrence, Jessica Jones, or George Segelstrom must be deemed waived and therefore abandoned.

In response to petitioner's Confrontation Clause claim, the magistrate judge engaged in a lengthy analysis, under the standards dictated by the Antiterrorism and Effective Death Penalty Act (AEDPA). The magistrate judge determined at the outset that the Supreme Court's recent decision in *Crawford v. Washington*, 541 U.S. 36 (2004), does not apply to petitioner's claims, because the statements made by the victim to Joseph Green were not "testimonial" under Supreme Court and Sixth Circuit authority. The report and recommendation correctly concluded that nontestimonial hearsay remains subject to the rule of *Ohio v. Roberts*, 448 U.S. 56 (1980). With regard to the statements made to Joseph Green, however, the report and recommendation concluded (and this court concurs) that the Confrontation Clause was not implicated at all, because the

challenged statements were made by Dustin Sherrell in petitioner's presence and therefore constituted adoptive admissions. (*See* Report and Recommendation (docket # 39) at 16-18). The trial record clearly discloses that Dustin Sherrell made the statements to Joseph Green in the presence of petitioner, and that petitioner heard these statements but did not join in the conversation, only glaring at Dustin Sherrell. (Transcript volume II at 255-58, 283). Under the decisions of the Sixth Circuit and other appellate courts cited by the magistrate judge, a defendant's failure to contradict or deny statements made in his presence in circumstances in which an innocent person would normally be induced to respond constitutes an adoptive admission (R&R at 17). An adoptive admission avoids the Confrontation Clause problem because the words of the hearsay declarant become the words of the defendant. *See Poole v. Perini*, 659 F.2d 730, 733 (6th Cir. 1981). Petitioner has not objected to the finding of the magistrate judge concerning the adoptive nature of the statements that were the subject of Joseph Green's testimony. In these circumstances, it is not necessary to engage in the analysis of trustworthiness under *Ohio v. Roberts*, because the statements were clearly not subject to Confrontation Clause analysis.[3]

Of the four statements subjected to a Confrontation Clause challenge in the petition, petitioner has lodged an objection only with regard to the testimony of Joseph Green. Green's testimony, however, did not involve hearsay, because of the doctrine of adoptive admissions. Petitioner is therefore not entitled to relief on the basis of the introduction of Green's testimony. As petitioner has not objected to any other aspect of the Confrontation Clause ruling, this claim must fail.

---

[3] If further analysis were required, the court concurs with the magistrate judge that the reasoning of the Michigan Court of Appeals withstands scrutiny under the AEDPA standard.

### B.     **Perjured Testimony**

The only other habeas corpus claim raised in petitioner's objections is ground 4, in which he asserted that the "negligent submission of perjured testimony" constituted prosecutorial misconduct. In his objections, petitioner makes the erroneous assertion that even "if the testimony of Mr. Porter was obtained in good faith, the testimony was false. A new trial is required." As the magistrate judge correctly concluded, a due-process violation only arises when the prosecutor *knowingly* presents false testimony. *See Napue v. Illinois*, 360 U.S. 264, 269 (1959); *see also King v. Trippett*, 192 F.3d 517, 522 (6th Cir. 1999) (to be entitled to habeas relief, the petitioner must show "knowing and deliberate use" of perjured testimony). Petitioner has never argued, let alone attempted to prove, that the prosecution knowingly presented false testimony from David Porter. In the absence of the prosecutor's knowledge of falsity, a federal constitutional claim must fail.

### Conclusion

Upon *de novo* review of those portions of the report and recommendation to which petitioner has filed specific objections, the court determines that the report and recommendation is correct in all respects and should be adopted. Judgement will therefore enter denying the petition on its merits.

Date:    February 22, 2006           /s/ Robert Holmes Bell
                                                    ROBERT HOLMES BELL
                                                    CHIEF UNITED STATES DISTRICT JUDGE